UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENGLEY DIVERSIFIED, INC., d/b/a
GOTCHA COVERED MEDIA,

    Plaintiff,

v.

CITY OF PORT ORCHARD, et al.,

    Defendants.

CASE NO. C11-5874BHS

ORDER DENYING
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT

This matter comes before the Court on City of Port Orchard's ("the City") motion for partial summary judgment (Dkt. 12) and motion to strike (Dkt. 20) and Plaintiff Engley Diversified, Inc.'s ("Engley") motion for LUPA scheduling order (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

This case arises out of Engley's filing of permit applications with the City to construct billboards on properties owned by others. It is undisputed that Engley had permission from the owners of the properties to apply for the permits. However, the

parties dispute whether the agreements Engley entered into with the owners could be properly characterized as leases. The applications, filed in March and April of 2010, were denied by the City, and the denial was affirmed by the City's Hearing Examiner ("the Hearing Examiner") on November 9, 2010. On December 6, 2010, the Hearing Examiner denied Engley's motion for reconsideration. On December 16, 2010, Engley filed an appeal of the Hearing Examiner's decision to the City Council. On March 22, 2011, the City Council dismissed the appeal as untimely.

On April 11, 2011, Engley filed an action challenging the City Council's denial of his appeal in Kitsap County Superior Court, which was removed to this Court on April 26, 2011. *See* C11-5324BHS. On July 7, 2011, the Court concluded that Engley had timely filed an appeal of the Hearing Examiner's denial of its permit applications and ordered the case remanded to the City Council to hear to its appeal. Dkt. 45 in C11-5324BHS.

On September 13, 2011, the City Council held a hearing to consider the issue remanded from this Court. On September 27, 2011, the City Council issued its ruling reversing the Hearing Examiner's determinations that (1) billboards were prohibited as off-premises signs; and (2) Engley's permit applications had vested.

On October 17, 2011, Engley filed a second suit in Kitsap County Superior Court challenging the City Council's decision following remand. Dkt. 1 at 7-16. On October 24, 2011, the City removed the action to this Court. Dkt. 1 at 1-2.

On November 10, 2011, the City filed a motion for partial summary judgment alleging that Engley lacks standing to bring LUPA and RCW § 64.40 damages claims

against the City. Dkt. 12. On November 28, 2011, Engley responded (Dkt. 17) and on December 2, 2011, the City replied (Dkt. 20). Also included in the City's reply was a motion to strike the Hearing Examiner's transcripts. On December 6, 2011, Engley filed a response to the motion to strike (Dkt. 24) and on December 7, 2011, the City filed a surreply (Dkt. 28).

On November 17, 2011, Engley filed a motion for LUPA scheduling order. Dkt. 14. The City did not file a separate response to the motion but addressed the issue in its reply to Engley's response to the motion for partial summary judgment.

## II. DISCUSSION

A.  **The City's Motion to Strike**

Included in the City's reply to Engley's response to the motion for partial summary judgment was a motion to strike the Hearing Examiner's transcripts, which Engley filed on November 28, 2011 (Dkt. 16). Dkt. 20 at 1-3. Although the Court is inclined to conclude that the transcripts can be considered by the Court as part of the factual record described in RCW § 36.70C.120(1), the Court need not reach a decision on the issue because the Court does not rely on the transcripts to decide the motions before it. Accordingly, the City's motion to strike is denied without prejudice as the City may renew the motion if and when the transcripts having been filed present an issue that needs to be resolved.

B.  **The City's Motion for Partial Summary Judgment**

The City seeks summary judgment on Engley's LUPA and damages claims based on its allegations that Engley lacks standing. Dkt. 12. The City argues that, for purposes

of its LUPA claim, Engley is not an aggrieved party and that it cannot pursue the claim because it is not the applicant and the property owner. In addition, the City argues that Engley lacks standing to pursue its damages claim under RCW § 64.40.020 because it does not have a property interest in the real properties at issue.

### 1. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2. LUPA**

Standing to bring a LUPA claim is governed by RCW § 36.70C.060 and is limited to the following persons:

> (1) The applicant and the owner of property to which the land use decision is directed;
> (2) Another person aggrieved or adversely affected by the land use decision, or who would be aggrieved or adversely affected by a reversal or modification of the land use decision. A person is aggrieved or adversely affected within the meaning of this section only when all of the following conditions are present:
>     (a) The land use decision has prejudiced or is likely to prejudice that person;
>     (b) That person's asserted interests are among those that the local jurisdiction was required to consider when it made the land use decision;
>     (c) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the land use decision; and
>     (d) The petitioner has exhausted his or her administrative remedies to the extent required by law.

RCW 36.70C.060.

The first issue before the Court regarding Engley's standing to pursue its LUPA claim is whether Engley is an "aggrieved" party within the meaning of § 36.70C.060(2). Because the Court concludes, as discussed below, that Engley has standing to pursue its LUPA claim as an aggrieved party, the Court need not decide, as a matter of first impression, whether § 36.70C.060(1) only confers standing to a party who is both the permit applicant and the owner of the property as the City argues.

Engley maintains that it is an aggrieved party under the statute because the City Council, in reversing the Hearing Examiner's decision, also reversed the Hearing Examiner's determination that Engley's applications were vested. Dkt. 17 at 10. Accordingly, as the permit applicant, Engley was aggrieved when the City Council held that its permits were no longer vested. Because the City has now passed laws prohibiting billboards, the decision regarding the vesting of Engley's billboards is critical. In its reply to the response to the motion, City states that Engley "has no present interest in this action." Dkt. 20 at 9. The City's argument appears to be that Engley does not have standing as an aggrieved party because it cannot meet the requirement under the statute to show that a judgment in Engley's favor would substantially eliminate or redress the prejudice to Engley that was caused by the City's reversal of the Hearing Examiner's decision. Specifically, the City argues that even if the Court reversed the Hearing Examiner's decision regarding vesting, any billboard erected by Engley would have to be torn down in five years or less pursuant to the new billboard law. Therefore, according to the City, it would "make[] no sense that Engley would want to install a billboard." Dkt. 20 at 9.

Although the Court agrees with the City that, based on the City's billboard law, Engley may eventually decide not to erect any billboards, the Court cannot conclude that Engley ceases to have an interest in this action. Engley has standing to pursue its claim under LUPA because it seeks to have the City Council's decision regarding vesting reversed and be given the opportunity to decide how to proceed with its permits. Accordingly, the Court's reversal of the City Council's decision would substantially eliminate or redress the prejudice to Engley that was caused by the City Council's reversal of the Hearing Examiner's determination. Therefore, the Court concludes that Engley has shown it has standing under § 36.70C.060 to pursue its LUPA claim and the City's motion for partial summary judgment on this issue must be denied.

**3.    RCW § 64.40.020**

The City's motion also seeks summary judgment on Engley's claim under RCW § 64.40.020 based on its assertion that Engley did not have a property interest in the real properties at issues. Property interest is defined by § 64.40.010(3) as "any interest or right in real property in the state." Thus, Engley argues that, based on the lease agreements it had with the property owners, it has standing under the statute, which states:

> Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

RCW § 64.40.020(1). Accordingly, Engley maintains that, pursuant to the lease agreements, it has a property interest in five out of the eight original properties for which Engley submitted permit applications and therefore has standing to bring a claim for damages under § 64.40.20 for those five applications. Dkt. 17 at 11-13. The City argues that Engley has only provided redacted versions of the agreements with the property owners and that the legible portions do not constitute a lease or otherwise give Engley a property interest for purposes of pursuing a claim under § 64.40.20. *See* Dkts. 12 & 20 (citing *Westway Construction, Inc. v. Benton County*, 136 Wn. App. 859 (2007)).

In *Westway*, the Court of Appeals held that the property owner lacked standing to pursue the claim because it did not file the permit application and that Westway, the aggrieved construction company, lacked standing because it had no property interest. 136 Wn. 2d at 866. Engley argues that *Westway* is distinguishable in that it, unlike Westway, has a property interest in the subject properties based on the lease agreements. Dkt. 17. The Court agrees. In defining the term "property interest" for purposes of pursuing a claim under § 64.40.020, the Washington legislature stated that "*any* interest or right in real property in the state" is sufficient. § 64.40.010(1) (emphasis added). Accordingly, whether Engley had a "lease," as that term is normally defined, is not critical because it had an interest in the real property, the extent to which was laid out in the lease documents. Therefore, the City's motion for partial summary judgment with respect to Engley's claim under §64.40.020 is denied.

C.  **Engley's Motion for LUPA Scheduling Order**

On November 17, 2011, Engley filed a motion for LUPA scheduling order. Dkt. 14. The City did not file a response to this motion, presumably because its motion for partial summary judgment sought to have the LUPA claim dismissed. Now that the Court has denied summary judgment on the LUPA claim, the Court concludes that Engley's motion for the LUPA scheduling order should also be denied to allow the parties to confer and attempt to submit a joint proposed LUPA scheduling order on or before February 22, 2012.

### III. ORDER

Therefore, it is hereby **ORDERED** as follows:

(1) the City's motion to strike (Dkt. 20) is **DENIED**;

(2) the City's motion for partial summary judgment (Dkt. 12) is **DENIED**; and

(3) Engley's motion for LUPA scheduling order (Dkt. 14) is **DENIED**.

Dated this 10th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge