UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENGLEY DIVERSIFIED, INC. d/b/a
GOTCHA COVERED MEDIA,

        Plaintiff,

    v.

CITY OF PORT ORCHARD, et al.,

        Defendants.

CASE NO. C11-5874BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
RECONSIDERATION

This matter comes before the Court on Defendant City of Port Orchard's ("the City") motion for reconsideration. Dkt. 30. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for reconsideration for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

This case arises out of Plaintiff Engley Diversified, Inc.'s ("Engley") filing of permit applications with the City to construct billboards on properties owned by others.

ORDER - 1

It is undisputed that Engley had permission from the owners of the properties to apply for the permits. However, the parties dispute whether the agreements Engley entered into with the owners could be properly characterized as leases. The applications, filed in March and April of 2010, were denied by the City, and the denial was affirmed by the City's Hearing Examiner ("the Hearing Examiner") on November 9, 2010. On December 6, 2010, the Hearing Examiner denied Engley's motion for reconsideration. On December 16, 2010, Engley filed an appeal of the Hearing Examiner's decision to the City Council. On March 22, 2011, the City Council dismissed the appeal as untimely.

On April 11, 2011, Engley filed an action challenging the City Council's denial of his appeal in Kitsap County Superior Court, which was removed to this Court on April 26, 2011. *See* C11-5324BHS. On July 7, 2011, the Court concluded that Engley had timely filed an appeal of the Hearing Examiner's denial of its permit applications and ordered the case remanded to the City Council to hear to its appeal. Dkt. 45 in C11-5324BHS.

On September 13, 2011, the City Council held a hearing to consider the issue remanded from this Court. On September 27, 2011, the City Council issued its ruling reversing the Hearing Examiner's determinations and that (1) billboards were not prohibited as off-premises signs; but (2) Engley's permit applications had not vested.

On October 17, 2011, Engley filed a second suit in Kitsap County Superior Court challenging the City Council's decision following remand. Dkt. 1 at 7-16. On October 24, 2011, the City removed the action to this Court. Dkt. 1 at 1-2.

| 1 | On November 10, 2011, the City filed a motion for partial summary judgment
| 2 | alleging that Engley lacks standing to bring Land Use Petition Act ("LUPA") and RCW §
| 3 | 64.40 damages claims against the City. Dkt. 12. On November 28, 2011, Engley
| 4 | responded (Dkt. 17) and on December 2, 2011, the City replied (Dkt. 20). Also included
| 5 | in the City's reply was a motion to strike the Hearing Examiner's transcripts. On
| 6 | December 6, 2011, Engley filed a response to the motion to strike (Dkt. 24) and on
| 7 | December 7, 2011, the City filed a surreply (Dkt. 28).
| 8 | On November 17, 2011, Engley filed a motion for LUPA scheduling order. Dkt.
| 9 | 14. The City did not file a separate response to the motion but addressed the issue in its
| 10 | reply to Engley's response to the motion for partial summary judgment.
| 11 | On February 10, 2012, the Court issued an order denying the City's motion for
| 12 | summary judgment and motion for LUPA scheduling order. Dkt. 29.

## II. MOTION FOR RECONSIDERATION

On February 17, 2012, the City filed a motion for reconsideration. Dkt. 30. On March 12, 2012, Engley filed a response to the motion (Dkt. 34) and on March 16, 2012, the City replied (Dkt. 36).

Motions for reconsideration are governed by Local Rule CR 7(h), which provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Here, in its motion for reconsideration, the City argues that the Court erred in concluding that Engley had shown an injury-in-fact sufficient to confer standing under LUPA. Dkt. 30. The Court concludes that the City has failed to show manifest error in the Court's conclusion on the issue of standing.

The City also argues that the Court's denial of the City's motion for summary judgment on Engley's RCW § 64.40 claim should be without prejudice, allowing the City to file an additional motion if warranted following discovery. Dkt. 30. Engley does not object to this request by the City. Dkt. 34. Accordingly, although the City has failed to show any manifest error in the Court's denial of the motion on Engley's § 64.40 claim, the Court concludes that such denial is without prejudice to the City's filing of a successive motion on the issue, if warranted, following discovery.

In addition, the Court concludes that the City is entitled to issuance of an order similar to the proposed Initial Hearing Order (Dkt. 31 at 5-9). However, the City is instructed to file a revised proposed order that includes the statement that Engley has standing to bring this action and a revision of the dates that is suitable to both parties.

### III. ORDER

Therefore, it is hereby **ORDERED** that the City's motion for reconsideration (Dkt. 30) is **GRANTED in part** and **DENIED in part** as discussed herein.

Dated this 10th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge