UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENGLEY DIVERSIFIED, INC., d/b/a
GOTCHA COVERED MEDIA,

              Plaintiff,

v.

CITY OF PORT ORCHARD, et al.,

              Defendants.

CASE NO. C11-5874BHS

ORDER DENYING
DEFENDANT'S MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD IN
LUPA APPEAL

      This matter comes before the Court on City of Port Orchard's ("the City") motion to supplement the administrative record in LUPA appeal. Dkt. 47. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

      This case arises out of Engley Diversified, Inc.'s ("Engley") filing of permit applications with the City to construct billboards on properties owned by others. It is undisputed that Engley had permission from the owners of the properties to apply for the permits. However, the parties dispute whether the agreements Engley entered into with

ORDER - 1

the owners could be properly characterized as leases. The applications, filed in March and April of 2010, were denied by the City, and the denial was affirmed by the City's Hearing Examiner ("the Hearing Examiner") on November 9, 2010. On December 6, 2010, the Hearing Examiner denied Engley's motion for reconsideration. On December 16, 2010, Engley filed an appeal of the Hearing Examiner's decision to the City Council. On March 22, 2011, the City Council dismissed the appeal as untimely.

On April 11, 2011, Engley filed an action challenging the City Council's denial of his appeal in Kitsap County Superior Court, which was removed to this Court on April 26, 2011. *See* C11-5324BHS. On July 7, 2011, the Court concluded that Engley had timely filed an appeal of the Hearing Examiner's denial of its permit applications and ordered the case remanded to the City Council to hear its appeal. Dkt. 45 in C11-5324BHS.

On September 13, 2011, the City Council held a hearing to consider the issue remanded from this Court. On September 27, 2011, the City Council issued its ruling reversing the Hearing Examiner's determinations that (1) billboards were prohibited as off-premises signs; and (2) Engley's permit applications had vested.

On October 17, 2011, Engley filed a second suit in Kitsap County Superior Court challenging the City Council's decision following remand. Dkt. 1 at 7-16. On October 24, 2011, the City removed the action to this Court. Dkt. 1 at 1-2.

On February 10, 2012, the Court issued an order granting in part and denying in part the City's motion for partial summary judgment (Dkt. 29) and on April 10, 2012, the Court issued an order granting in part and denying in part the City's motion for

reconsideration on the order (Dkt. 39). The Court then scheduled a LUPA hearing for August 24, 2012.

On May 10, 2012, the City filed a motion to supplement the administrative record in LUPA appeal. Dkt. 47. On May 21, 2012, Engley responded (Dkt. 48) and on May 26, 2012, the City replied (Dkt. 50).

## II. DISCUSSION

Washington's Land Use Protection Act, RCW 36.70C ("LUPA"), provides a statutory standard for judicial review of land use decisions. The LUPA provision governing supplementation of the administrative record states:

> (1) When the land use decision being reviewed was made by a quasi-judicial body or officer who made factual determinations in support of the decision and the parties to the quasi-judicial proceeding had an opportunity consistent with due process to make a record on the factual issues, judicial review of factual issues and the conclusions drawn from the factual issues shall be confined to the record created by the quasi-judicial body or officer, except as provided in subsections (2) through (4) of this section.

RCW 36.70C.120(1).

Here, the City seeks to supplement the administrative record under RCW 37.70C.120(3) to file the declarations of three city officials (from cities other than Port Orchard) to show the officials' interpretation of the International Building Code and the necessity of obtaining building permits, as well as construction permits, to erect billboards in those cities. *See* Dkt. 47. Subsection (3) of the statute provides, "*[f]or land use decisions other than those described in subsection (1) of this section*, the record for judicial review may be supplemented by evidence of material facts that were not made part of the local jurisdiction's record." RCW 37.70C.120(3) (emphasis added). Engley

1 maintains that because this case involves a land use decision described in subsection (1),
2 the City cannot rely on subsection (3) to supplement the record.  The City does not
3 dispute that the land use decision at issue is the type described in subsection (1) and does
4 not otherwise explain how the evidence they seek to have admitted can be supplemented
5 under the statute.  Although the City argues that it should be given "the same
6 accommodation that was afforded Engley" in the Court allowing Engley to file the
7 Hearing Examiner transcripts in this case (Dkt. 47 at 3), the Hearing Examiner transcripts
8 were part of the administrative record in this case, and were not supplemental.  Therefore,
9 the Court concludes that the City has failed to show proper grounds under which the
10 Court could supplement the administrative record with the proffered declarations.

### III. ORDER

Therefore, it is hereby **ORDERED** that the City's motion to supplement the administrative record in LUPA appeal (Dkt. 47) is **DENIED**.

Dated this 2nd day of August, 2012.

BENJAMIN H. SETTLE
United States District Judge