1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4    ENGLEY DIVERSIFIED, INC., d/b/a
     GOTCHA COVERED MEDIA,

5                              Petitioner,

6            v.

7    CITY OF PORT ORCHARD, et al.,

8                              Defendants.

9

CASE NO. C11-5874 BHS

ORDER DENYING PLAINTIFF'S
MOTION AS FRIVOLOUS

10        This matter comes before the Court on Petitioner Engley Diversified, Inc.'s

11   ("Engley") motion to disqualify city attorney (Dkt. 73). The Court has considered the

12   pleadings filed in support of and in opposition to the motion and the remainder of the file

13   and hereby denies the motion as frivolous for the reasons stated herein.

14                           **I. PROCEDURAL HISTORY**

15        This case arises out of Engley's filing of permit applications with Respondent City

16   of Port Orchard's ("the City") to construct billboards on properties owned by others.

17   After the applications were denied and the City Council denied Engley's appeal, Engley

18   filed an action in Kitsap Superior Court for the State of Washington challenging the City

19   Council's decision.  On April 26, 2011, the action removed to this Court on April 26,

20   2011.  *See* C11-5324BHS.

21

22

On July 7, 2011, the Court concluded that Engley had timely filed an appeal of the Hearing Examiner's denial of its permit applications and ordered the case remanded to the City Council to hear its appeal.  Dkt. 45 in C11-5324BHS.

On September 13, 2011, the City Council held a hearing to consider the issue remanded from this Court.  AR 907.  On September 27, 2011, the City Council issued its ruling reversing the Hearing Examiner's determinations that (1) billboards were prohibited as off-premises signs; and (2) Engley's permit applications had vested.  AR 909-21.

On October 17, 2011, Engley filed a second suit in Kitsap County Superior Court challenging the City Council's decision following remand.  Dkt. 1 at 7-16.  On October 24, 2011, the City removed the action to this Court.  Dkt. 1 at 1-2.  On September 12, 2012, the Court again reversed the City Council's decision.  Dkt. 63.

On April 29, 2015, the Court granted the parties stipulated motion to substitute attorneys with attorney Carol Morris withdrawing from representation and attorneys Pat Mahon and David Force appearing on behalf of Defendants.  Dkt. 67.  In the signature line, Engley's attorney wrote that his client objected to Ms. Morris's involvement in this case.  *Id*. at 2.

On May 15, 2015, Engley filed a motion to disqualify Ms. Morris from performing her duties as City Attorney in this matter.  Dkt. 73.  On June 8, 2015, the City responded. Dkt. 77.  On June 12, 2015, Engley replied.  Dkt. 79.

## II. DISCUSSION

"The primary responsibility for controlling the conduct of lawyers practicing before the district court rests with that court."  *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).

In this case, Engley's entire argument is based on the hypothetical and insulting allegation that Ms. Morris committed malpractice and that she will be "blamed or held liable for the City's defeat on the LUPA claims."  Dkt. 79 at 5–6.  Setting aside the legal issues of Engley's standing and Engley's failure to identify any actual conflict under the rules of professional conduct, the Court will not interfere with the City's choice of attorney or enter any order that will deny the City the right to seek and obtain legal advice on any matter in this proceeding.  Moreover, there is no evidence in the record that the City is litigating this matter without full and open disclosure of any potential conflict.  Therefore, the Court denies Engley's motion as frivolous.  Engley shall exclude all expenses from this motion in any subsequent request for reasonable costs and attorneys fees.

## III. ORDER

Therefore, it is hereby **ORDERED** that Engley's motion to disqualify city attorney (Dkt. 73) is **DENIED as frivolous**.

Dated this 24th day of July, 2015.

BENJAMIN H. SETTLE
United States District Judge